IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSALINN M. GIANG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS DEJOY, )<br>Postmaster General, )<br>)<br>DEFENDANT. ) | Case No. CIV-22-112-D |

**ORDER**

Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 7] and Plaintiff's Request for Entry of Default [Doc. No. 8]. Plaintiff, who appears pro se, seeks judgment on the ground that Defendant, the Postmaster General for the United States Postal Service, was served on May 12, 2022 but has failed to answer or otherwise respond to the Complaint.

The Court file reflects that this action was filed on February 7, 2022 and a summons was issued to Mr. DeJoy on May 6, 2022 [Doc. Nos. 1, 4]. Proof of service was filed on July 1, 2022 indicating that Plaintiff personally served the summons by certified mail and that the Office of the Postmaster General received the summons on May 12, 2022 [Doc. No. 5]. No entry of appearance or answer has been filed on Mr. DeJoy's behalf.

To effect service of process on an officer of the United States acting in an official capacity or in an individual capacity for an act in connection with official duties, Plaintiff must deliver a copy of the summons and the complaint to the United States Attorney for the district in which the suit is brought, to the Attorney General of the United States, and

to the employee who is being sued. Fed. R. Civ. P. 4(i). Additionally, "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also* Fed. R. Civ. P. 4(c)(2). Service must be effected within 90 days of the complaint's filing. Fed. R. Civ. P. 4(m).

Here, Plaintiff has not served the United States Attorney in this district or the Attorney General, and her attempted service on Mr. DeJoy was improper because it appears that she personally mailed the summons.[1]

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 7] and Request for Entry of Default [Doc. No. 8] are DENIED. Further, pursuant to Fed. R. Civ. P. 4(i) and (m), Plaintiff is directed to show cause not later than October 3, 2022 why this action should not be dismissed without prejudice for failure to effect service of process within 90 days after filing the complaint. In the absence of such a showing, this action may be dismissed without prejudice and without further notice to Plaintiff.

IT IS SO ORDERED this 20th day of September, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Fed. R. Civ. P. 4(i)(4) provides that a court must allow a party a reasonable time to cure its failure to "(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Here, Plaintiff has not effected proper service on any of these parties.