# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSALINN M. GIANG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS DEJOY, )<br>Postmaster General, )<br>)<br>DEFENDANT. ) | Case No. CIV-22-112-D |

## ORDER

On September 20, 2022, the Court entered an Order [Doc. No. 10] denying Plaintiff's Motion for Default Judgment [Doc. No. 7] and Request for Entry of Default [Doc. No. 8] and instructing Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service of process within 90 days after filing the complaint. The order explained that Plaintiff's service on Defendant was improper for two reasons: first, her return of service reflected that she personally mailed the summons to Mr. DeJoy, the Postmaster General for the United States Postal Service, and second, that she failed to serve either the United States Attorney for the district in which the suit is brought or the Attorney General of the United States as required by Fed. R. Civ. P. 4(i). Plaintiff subsequently submitted a letter requesting additional time to respond to the show cause order [Doc. No. 10], which the Court granted [Doc. No. 11].

Plaintiff has now filed an Amended Proof of Service [Doc. No. 13] and a Response [Doc. No. 14]. The documents include an affidavit and an amended proof of service indicating that non-party Teresa Savidge (not Plaintiff) actually mailed the summons and

complaint to Mr. DeJoy at his office address in Washington D.C. Plaintiff's Response represents that she was confused and did not understand that the person mailing the summons, as opposed to the plaintiff, needed to sign the proof of service. Plaintiff also requests that she be granted a reasonable time to cure her failure to serve the United States as required by Fed. R. Civ. P. 4(i)(4). As an explanation for her failure to properly serve the defendant, Plaintiff represents that she has been caring for ill family members over the last several months, was confused, and misunderstood the service requirements because of a language barrier.

> Rule 4(m) provides the following:
>
> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The preliminary inquiry under Rule 4(m) is to determine whether Plaintiff has shown good cause for her failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff has not shown good cause for her failure to serve the United States and is therefore not entitled to a mandatory extension. *See In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (finding that a "plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule" and that "inadvertence or neglect" or "mistake of counsel or ignorance of the rules do not suffice"). Nevertheless, the Court must still consider whether a permissive extension of time to serve the defendant is warranted. *Espinoza*, 52 P.3d at 841-42. In light of Plaintiff's pro se status and "the solicitous attitude toward plaintiffs faced with 'the complex requirements of multiple

service' under Rule 4(i)," the Court finds that a permissive extension is appropriate. *Id.* at 842.[1]

Accordingly, the Court grants Plaintiff 30 days from the date of this Order to complete proper service on the defendant and to file proof of service with the Court. Plaintiff is reminded that if she is suing Mr. DeJoy in his official capacity, she must comply with Fed. R. Civ. P. 4(i)(2), which requires service on the employee and the United States. Fed. R. Civ. P. 4(i)(1) sets out the requirements for service on the United States. The Court further advises Plaintiff that her failure to complete proper service within this time limit will result in dismissal of this action without prejudice. Last, given that Plaintiff has still not properly served the defendant, Plaintiff's request to reconsider her Motion for Default Judgment and Request for Entry of Default is **DENIED**.

**IT IS SO ORDERED** this 2nd day of November, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Rule 4(i)(4) provides that a court "must allow a party a reasonable to cure its failure to (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." However, neither of these provisions appears applicable here. Paragraph 4(i)(4)(A) does not apply because Plaintiff has not served the United States attorney or the Attorney General and paragraph 4(i)(4)(B) does not apply because Plaintiff's Complaint appears to be attempting to assert a claim against Mr. Dejoy in his official, rather than individual, capacity.