**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROSALINN M. GIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-112-D |
| | ) | |
| LOUIS DeJOY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 29]. Plaintiff, appearing pro se, filed a 145-page response[1] [Doc. No. 32], which was stricken for failure to comply with the Court's Local Civil Rules [Doc. No. 34]. In that Order, the Court directed Plaintiff to file a revised response that complied with the Court's local rules. Thereafter, Plaintiff moved for leave to file an oversized response [Doc. No. 35], and the Court permitted Plaintiff to file a response not to exceed thirty pages [Doc. No. 37]. Plaintiff then filed a revised response [Doc. No. 39], which was single-spaced, typed in 10.5-11-point font, and had margins less than one inch, all in violation of LCvR5.2 and 7.1(d). The Court struck the revised response [Doc. No. 41], noting that had Plaintiff complied with the Court's local rules, Plaintiff's revised response would exceed the page limitation by several pages. Plaintiff then moved for leave to file a second revised response [Doc. No. 42], which the Court granted [Doc. No. 45].

---

[1] Plaintiff also filed a one-page "Notice of Plaintiff's Opposition to Motion to Dismiss" [Doc. No. 31], which provided that Plaintiff's response was forthcoming. Although not stricken, the Court will not consider the notice for purposes of this Order.

Plaintiff's deadline to file a second revised response was August 9, 2023. Plaintiff has not filed a response, nor has Plaintiff shown good cause for her failure to do so. Accordingly, the Court will consider only Defendant's Motion to Dismiss [Doc. No. 29] and Plaintiff's Amended Complaint [Doc. No. 22] for purposes of this Order. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

## BACKGROUND

Plaintiff alleges a variety of employment discrimination claims against her former employer, the United States Postal Service (USPS).[2] The crux of Plaintiff's allegations appears to be that, during her employment as a mail processing clerk, she was discriminated against because of her race (Asian), gender (female), national origin (Vietnamese and Chinese), age (62), and disability (unspecified workplace injury). Plaintiff further alleges that she was subjected to a hostile work environment; retaliated against for engaging in EEO activities; and constructively discharged.

To summarize, the Amended Complaint [Doc. No. 22] alleges:

▪ Plaintiff engaged in numerous EEO activities, to include: filing various EEO complaints, assisting co-workers with filing EEO complaints, acting as a witness for co-worker's EEO complaints, and attending EEO redress mediations;

---

[2] Throughout her amended complaint, Plaintiff also refers to claims brought by her husband, Quang Nguyen, which claims are the subject of Case No. CIV-22-1102-D. For purposes of this Order, the Court ignores all allegations related to Quang Nguyen's litigation.

- After filing an EEO complaint in July of 2016, and attending two EEO mediations on August 2 and August 9, 2016, Plaintiff was physically assaulted (roughly bumped into) on August 11, 2016 by Tameeka Jones, the supervisor against whom the EEO complaints were made;

- On August 14, 2016, Plaintiff was assaulted by another supervisor, Blair Cole, "in a loud, demeaning, threatening manner, pointing fingers and waving hands at her face";

- Plaintiff reported the August 11 and August 14 incidents to her Plant Manager and District Manager, both of whom failed to address the incidents;

- Plaintiff filed additional EEO complaints in September, October, November, and December of 2016, and January of 2017;

- During this time, Plaintiff's work environment worsened and she was constantly being yelled and cursed at by her supervisors;

- Plaintiff was "not permitted to walk across the workroom floor and was escorted out of the plant building";

- Plaintiff was accused of filing "too many EEO complaints" by Senior Manager Louis Sumpter;

- On October 27, 2016, Plaintiff's supervisor[3] told a co-worker that Plaintiff "filed too many EEO complaints";

- On December 11, 2016, Plaintiff's manager, Cheryl Mitchell, condoned Charles Leak, Jr. screaming and cursing at Plaintiff while working on her mail processing machine;

- After Plaintiff complained of the incident, Plaintiff was forced to work on the same machine with Mr. Leak, Jr., which forced Plaintiff to leave work in distress;

- On December 24, 2016, Ms. Mitchell yelled at Plaintiff and again condoned Mr. Leak Jr.'s conduct;

- On January 9, 2017, management intentionally failed to submit Plaintiff's injury claim to the OWCP Labor Department in order to delay the approval of Plaintiff's injury claim;

---

[3] It is unclear from Plaintiff's amended complaint whether this allegation refers to the same comment by Mr. Sumpter, above.

- In January of 2017, Plaintiff was yelled at four different times by management;

- Supervisor Tameeka Jones spread a rumor around the workplace that Plaintiff was trying to get a co-worker fired, circulating a statement made by Plaintiff during her EEO redress mediation with Ms. Jones;

- From January of 2017, to April of 2018, Plaintiff was sent home after working four hours a day, even after her doctor authorized her to perform eight hours of work per day;

- Because Plaintiff was sent home for half of the work day, her pay was drastically reduced, leading Plaintiff to incur debt and take out loans to cover the loss;

- Plaintiff was treated differently than individuals that had not made EEO complaints, and Defendant found modified light manual duties for those individuals who had not engaged in EEO activity;

- Plaintiff was not permitted to perform any light manual duties even though there were plenty of light duties available;

- Plaintiff's supervisor requested other employees to work overtime on the available manual labor duties while telling Plaintiff there were no light duties available;

- Management repeatedly changed Plaintiff's Duty Status Report (CA-17), revising Plaintiff's work requirements for the same mail processing job, in order to keep Plaintiff restricted to four hours of work per day;

- Plaintiff suffered from anxiety, depression, and post-traumatic stress disorder resulting from her work environment;

- On March 22, 2018, Plant Manager Sean Walton declared that Plaintiff's "request to work 8 hours a day [was] denied," and that Plaintiff would be allowed to work only 4 hours a day "as long as [she] still worked for [USPS]";

- On April 12, 2018, Mr. Sumpter cursed at Plaintiff and threatened to kick Plaintiff out of the building, which caused Plaintiff emotional distress; and

- Plaintiff was forced into early retirement as a result of her work environment and continued reduced working hours.

Liberally construed, Plaintiff's amended complaint asserts the following claims against Defendant: deprivation of civil rights in violation of 42 U.S.C. § 1983; employment discrimination, retaliation, and hostile work environment pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII); employment discrimination in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. (ADEA); constructive discharge; and disability discrimination in violation of The Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. (Rehabilitation Act).

In his Motion to Dismiss [Doc. No. 29], Defendant contends that Plaintiff has failed to state claims upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). Specifically, Defendant argues that Plaintiff has failed to link any of her allegations regarding workplace conduct to retaliatory or discriminatory animus, and that Plaintiff's allegations constitute ordinary tribulations of a workplace as opposed to actionable harassment.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [her] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). Although pro se pleadings are to be liberally construed, district courts should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

### I.    42 U.S.C. § 1983

Plaintiff attempts to state a claim of deprivation of civil rights under Section 1983. Plaintiff bases her Section 1983 claim on the same allegations underlying her Title VII claims. However, "Title VII provides the exclusive judicial remedy for discrimination claims in federal employment." *Ford v. West*, 222 F.3d 767, 773 (10th Cir. 2000); *see also Mobley v. Donahoe*, 498 F. App'x 793, 796 (10th Cir. 2012) (unpublished) ("Title VII is the exclusive remedy for [the plaintiff's] claims of discrimination and associated retaliatory conduct… This precludes his claims asserted under the civil-rights statutes…."). Accordingly, Plaintiff's Section 1983 claim will be dismissed.

### II.    Discrimination Based on Race, Gender, National Origin, or Age

Plaintiff asserts that she was discriminated against based on her race, national origin, gender, and age, all in violation of Title VII and the ADEA. Title VII makes it unlawful "to

discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADEA, "[i]t shall be unlawful for an employer … to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

For Title VII claims, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020) (same in ADEA context).  Because Plaintiff's amended complaint contains no evidence of direct discrimination, the Court evaluates the plausibility of Plaintiff's claims by "examin[ing] the first step of the *McDonnell Douglas* framework: the elements [Plaintiff] would need to establish to prove" prima facie cases for her discrimination claims based on race, gender, national origin, and age. *See Morman v. Campbell County Memorial Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) (unpublished). A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)).

Plaintiff alleges that her managers "tried to terminate" her by limiting her to four hours of work per day after Plaintiff reported a job-related injury and filed a worker's compensation claim [Doc. No. 22, Amended Complaint, at p. 2]. On January 1, 2017, she reported a job-related injury and applied for light duty. *Id.* at p. 20. Plaintiff was limited to four hours of working the mail sorting machine and requested that Defendant assign to her four hours of light duties for the remaining hours of the workday. *Id.*

Plaintiff's worker's compensation claim was approved on March 6, 2017. *Id.* at p. 20. On March 25, 2017, Plaintiff alleges her injury had "significantly improved" and her doctor had released her to work up to five hours per day on the mail sorting machine and up to three hours of light duty manual work. *Id.* at p. 21. However, Plaintiff alleges she was discriminated against because she was not given light duties and was instead sent home for the last four hours of each workday from January 2017 to April 2018. *Id.* Plaintiff further alleges that other employees with workplace injuries were given light duties even though Plaintiff's supervisors told her there were no light duties available or that the light duties needed to be saved for other employees. *Id.* at pp. 12, 20.

Plaintiff's allegations may suggest she was treated differently than other employees. But the Court agrees with Defendant that Plaintiff's allegations do not give the Court any basis to infer that Plaintiff was treated differently *because of* her race, national origin, gender, or age. Although Plaintiff's amended complaint includes repeated assertions of discrimination based on her protected characteristics, the Court disregards legal conclusions designed to recite the elements of a discrimination claim. "Title VII does *not* make unexplained differences in treatment per se illegal nor does it make inconsistent or

irrational employment practices illegal. It prohibits only intentional discrimination *based upon* an employee's protected class characteristics." *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir. 1992) (emphasis in original). Therefore, Plaintiff's Title VII and ADEA discrimination claims must be dismissed.

Defendant further contends that Plaintiff's hostile work environment claim based on Title VII or ADEA discrimination must be dismissed because Plaintiff has failed to link the alleged workplace conduct to discriminatory animus. The Court agrees. Because the amended complaint contains no allegation giving rise to a reasonable inference that Plaintiff was discriminated against because of her national origin, race, gender, or age, any hostile work environment claim based on those protected classes must also fail. *See Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 522 (10th Cir. 2017) (unpublished) ("In order to establish a race-based hostile work environment, however, the conduct that allegedly created that environment must be racial or motivated by racial animus… If retaliation was [a co-worker's] sole motivation for this conduct, then this retaliatory conduct does not support [the plaintiff's] claim of racially motivated harassment."); *see also Burkhart v. Am. Railcar Industries, Inc.*, 603 F.3d 472, 476 (8th Cir. 2010) ("All of the actions about which [the plaintiff] complains… are alleged to have been retaliation for complaining to the human resources manager, not harassment based on sex."); *see also Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 811 (7th Cir. 2001) ("While [the plaintiff] can likely show that the post-complaint harassment would not have occurred but for her complaining of sexual harassment, this is 'too remote a connection' to gender to convert

the retaliatory harassment into gender-based harassment."). Accordingly, Plaintiff's hostile work environment claim based on discriminatory animus will be dismissed.

### III.   EEO Retaliation/Hostile Work Environment

Plaintiff also alleges she was retaliated against and exposed to a hostile work environment in retaliation for engaging in EEO activities. Under Tenth Circuit law, a prima facie case for retaliation requires Plaintiff to show: (1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004). "The adverse action must amount to a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (internal quotations omitted). "For a retaliation claim under Title VII, an adverse employment action is something that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Lincoln v. Maketa*, 880 F.3d 533, 540 (10th Cir. 2018) (citation omitted).

For her hostile work environment claim, Plaintiff "must demonstrate that the alleged harassment stemmed from retaliatory animus" and that the retaliatory conduct was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *See Gorny v. Salazar*, 413 F. App'x 103, 112 (10th Cir. 2011) (unpublished); *see also Nettle v. Cent. Okla. Am. Indian Health Council, Inc.*, 334 F. App'x 914, 920 (10th Cir. 2009) (unpublished) (quotations and citation omitted).

Upon careful consideration of the factual allegations of the amended complaint, the Court finds them to be minimally sufficient to state a plausible claim that Plaintiff was retaliated against, and subjected to a hostile work environment, for engaging in protected activity under Title VII. Throughout her amended complaint, Plaintiff alleges that she filed various EEO complaints on behalf of herself and co-workers and attended EEO redress meetings for those complaints. Two days after Plaintiff attended an EEO redress meeting for a complaint she made against Tameeka Jones, Plaintiff alleges that Ms. Jones roughly bumped into her while she was at her mail processing machine [Doc. No. 22, Amended Complaint, at p. 10]. Plaintiff further alleges that she was constantly subjected to threats, screaming, and cursing from supervisors against whom she made complaints. *Id.* at pp. 10-11, 28. According to Plaintiff, Ms. Jones started rumors (based on statements made by Plaintiff at an EEO redress meeting) that Plaintiff was trying to get a co-worker terminated. *Id.* at p. 15. Plaintiff further alleges that these rumors caused the hostile environment to worsen. Plaintiff's manager, Louis Sumpter, allegedly accused Plaintiff of "filing too many EEO complaints." *Id.* at p. 11. Finally, Plaintiff alleges that her supervisors intentionally delayed submitting her worker's compensation claim to interfere with processing and approval, and that co-workers who did not engage in EEO activities were given light duties for their workplace injuries while Plaintiff was continuously sent home mid-day.[4] *Id.* at pp. 14, 19.

---

[4] Defendant argues a non-invidiuos reason for keeping Plaintiff at reduced hours was that all light duties were already assigned to other injured employees. However, Plaintiff alleges that 1) other employees were asked to work overtime to perform the light duty work; and 2) that Plaintiff was told by management that light duties needed to be "saved" for other

Viewing all reasonable inferences in Plaintiff's favor at this early stage of litigation, Plaintiff's allegations are sufficient to nudge the accusations of retaliation and hostile work environment across the line from conceivable to plausible. Accordingly, Defendant's motion to dismiss is denied as to these claims. Further, Plaintiff alleges that the retaliation and hostile work environment led to her constructive discharge. Such a claim requires a plaintiff to show "[she] was discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). At this stage, the Court finds that Plaintiff has stated a plausible claim for constructive discharge.

## IV.     Rehabilitation Act – Disability Discrimination

Plaintiff also asserts a claim for disability discrimination in violation of the Rehabilitation Act. To make out a prima facie case of disability discrimination under the Rehabilitation Act, Plaintiff must allege facts showing 1) she is disabled within the meaning of the Act; 2) she is otherwise qualified for the job; and 3) she was discriminated against because of her disability. *See Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997); *see also Vidacak v. Potter*, 81 F. App'x 721, 723 (10th Cir. 2003) (unpublished).

Even viewing all reasonable inferences in favor of Plaintiff, Plaintiff has failed to allege that she was discriminated against because of her alleged disability. For this reason, the Court does not need to determine whether Plaintiff has sufficiently alleged that her unspecified workplace injury, which was "substantially improved" by March of 2017,

---

injured employees. These allegations conflict with Defendant's reasoning that there were no light duties available to assign to Plaintiff.

constitutes a disability within the meaning of the Rehabilitation Act. Although Plaintiff attempts to claim that she was treated differently than co-workers given light duty assignments, Defendant correctly notes that the employees given light duty assignments also had workplace injuries, if not disabilities, which required modified assignments. Thus, even if Plaintiff could establish that she was "disabled" within the meaning of the Act, Plaintiff has failed to allege facts that would allow a reasonable inference that Plaintiff was discriminated against because of such disability. Plaintiff's discrimination claim under the Rehabilitation Act should be dismissed.

## V.     Leave to Amend

The Court finds that the following claims should be dismissed: Plaintiff's civil rights claim under Section 1983; Plaintiff's claims for discrimination under the ADEA and Title VII, to include Plaintiff's hostile work environment claim based on discriminatory animus; and Plaintiff's discrimination claim under the Rehabilitation Act. The Court further finds that Plaintiff need not be granted leave to file a second amended complaint at this time.[5]

---

[5] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013). A district court may properly require a plaintiff to file a motion that complies with FED. R. CIV. P. 15(a) and LCvR15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (finding that plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment"). In this case, the scheduling order to be entered pursuant to FED. R. CIV. P. 16(b)(1) will establish a deadline for motions to amend pleadings.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss [Doc. No. 29] is **GRANTED in part** and **DENIED in part** as set forth herein. Plaintiff's civil rights claim under 42 U.S.C. § 1983 is **DISMISSED with prejudice**.[6] Plaintiff's discrimination claims under Title VII, the ADEA, and the Rehabilitation Act are **DISMISSED without prejudice**. Plaintiff's claims of Title VII retaliation, hostile work environment based on retaliatory animus, and constructive discharge survive dismissal at this stage of proceedings.

**IT IS SO ORDERED** this 1st day of February, 2024.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[6] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *accord Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (leave to amend should be freely granted, but amendment may be denied when it would be futile). It is apparent from Plaintiff's amended complaint that Plaintiff could not effectively amend her Section 1983 claim to cure the deficiency cited herein. Therefore, amendment is futile and dismissal with prejudice is appropriate.