# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ROSALINN M. GIANG,                          )
                                            )
      Plaintiff,                          )
                                            )
v.                                          )    Case No. CIV-22-112-D
                                            )
DAVID STEINER, Postmaster General,          )
                                            )
      Defendant.                          )

## ORDER

Before the Court is Defendant's Motion for Attorney's Fees with Brief in Support [Doc. No. 97]. Plaintiff filed a response [Doc. No. 99], which includes 220 pages of exhibits.[1] Defendant filed a reply [Doc. No. 105]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND[2]

This action stems from Plaintiff's former employment with the United States Postal Service (USPS). Plaintiff filed suit against the Postmaster General, alleging that during her employment as a mail processing clerk, she was discriminated against because of her race, gender, national origin, age, and disability. Plaintiff further alleged that she was subjected to a hostile work environment, retaliated against for engaging in EEO activities, and constructively discharged.

---

[1] Plaintiff's response indicated that she was proceeding *pro se*, although she was represented by counsel at the time of filing. The Court directed Plaintiff's counsel to file a motion to withdraw if she no longer represented Plaintiff [Doc. No. 102]. Thereafter, Cynthia Rowe D'Antonio filed a Motion to Withdraw as Counsel for Plaintiff [Doc. No. 103], which is hereby **GRANTED**.

[2] This factual background is largely taken from the Court's Order granting Defendant's Motion for Sanctions [Doc. No. 93].

1

Defendant filed a Motion to Dismiss [Doc. No. 29], which the Court granted in part and denied in part [Doc. No. 48]. Only Plaintiff's claims for Title VII retaliation, retaliatory hostile work environment, and constructive discharge survived dismissal. In support of her claims, Plaintiff had supplied the Court with various signed witness statements concerning her allegations.

On November 26, 2024, Defendant filed a Notice of Suspected Fraud Committed Upon the Court and Motion for a Stay of Proceedings [Doc. No. 72]. In it, Defendant alleged that Plaintiff had submitted false and fraudulent statements to the Court in support of her claims. Defendant stated that, for several of Plaintiff's witness statements, "the substantive content of the statements ha[d] often proven to be untrue or unknowable by the named witness" and "the named witnesses neither signed nor ratified the statements." *Id.* at 1. In response, Plaintiff seemed to argue there was no harm "because the Plaintiff's documents, exhibits previously filed in this action have been all stricken and were not considered by the Court." [Doc. No. 75, at 1-2].

Given the seriousness of Defendant's allegations, the Court stayed the action for ninety days, subject only to Defendant seeking limited discovery into fabricated and/or wrongfully obtained evidence in this case. In that Order [Doc. No. 80], the Court noted that Plaintiff seemed to lack an appreciation for the seriousness of Defendant's allegations, and the Court further notified Plaintiff that courts have "issued the harsh sanction of dismissal for far less serious offenses." *Id.* at 2. The Court also ordered Plaintiff to comply with discovery into the limited issue of fraudulent or fabricated statements. *Id.* at 3.

Following the limited discovery period and expiration of the stay, Defendant filed a Motion for Sanctions [Doc. No. 86], seeking dismissal of Plaintiff's action, pursuant to the Court's inherent authority and Federal Rules of Civil Procedure 11, 37, and 41.

On February 6, 2026, the Court granted Defendant's motion for sanctions and dismissed this action with prejudice to refiling. In that Order [Doc. No. 93], the Court concluded that many of Plaintiff's witness statements filed in this action were either not drafted or not signed by the purported witness. One witness declared that he was "not even aware of the names Quang Nguyen and Rosalinn Giang before seeing" the signed witness statement that Plaintiff attributed to him. *Id.* at 4. Facing several witnesses' declarations that they had not seen, drafted, or signed the purported witness statements, the Court noted that Plaintiff repeatedly doubled down and argued either that the witness did sign the statement or that the witness had since changed their story. *Id.* at 12.

The Court further found that Plaintiff had failed to participate in the discovery period related to Plaintiff's fraudulent witness statements. *Id.* at 14. The Court noted that Plaintiff had failed to respond to Defendant's third set of discovery requests (after receiving a 2-week extension) and failed to appear for the February 4, 2025 inspection of the original signed witness statements. *Id.* at 14-15. Upon analyzing the *Ehrenhaus* factors for the sanction of dismissal, the Court concluded that dismissal of this action was appropriate. *Id*. at 11-17; *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

Thereafter, Defendant filed the present Motion for Attorney's Fees [Doc. No. 97], pursuant to Rule 37(b)(2)(C).

## STANDARD OF DECISION

FED. R. CIV. P. 37 provides that if a party "fails to obey an order to provide or permit discovery," the Court may invoke sanctions, to include "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).[3] Subsection (b)(2)(C) provides that "[i]nstead of or in addition to the [sanctions] above, the court must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

## DISCUSSION

### I.    Timeliness of Plaintiff's Response to Motion for Attorney's Fees

Pursuant to the Court's Local Civil Rules, "[o]bjections to the allowance of attorney's fees must be filed within 14 days from the date the motion for attorney's fees is filed." LCvR54.2. Plaintiff filed her response 21 days after Defendant's motion for attorney's fees was filed, rendering the response untimely. Thereafter, Plaintiff filed a Motion for Leave to Approve to Submit Evidence and Explanation for Untimely Response to Defendant's Motion for Attorney's Fee [Doc. No. 104]. Construing Plaintiff's motion for leave as a request to deem her response timely, Defendant notified the Court that he did not object to the Court deeming Plaintiff's response timely, but that he did object to any additional arguments contained therein. [Doc. No. 106]. Given that Defendant does not

---

[3] The Court also has the inherent authority to "impose appropriate sanctions to discourage misconduct and protect the integrity of judicial proceedings." *United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1249 (D. Utah July 6, 2020).

4

object, the Court will deem Plaintiff's response to Defendant's motion for attorney's fees timely filed.

## II.     Attorney's Fees

Defendant seeks attorney's fees for counsel's time spent seeking discovery into and litigating the issue of Plaintiff's fraudulent submissions to the Court. During the course of the limited discovery into fraudulent witness statements submitted by Plaintiff, the Court previously found that Plaintiff had failed to respond to Defendant's third set of discovery requests and had failed to produce documents for inspection. As stated above, the Court must order Plaintiff to pay the reasonable expenses associated with these failures "unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

In response, Plaintiff first contends that an award of expenses would be unjust due to financial hardship. However, in 225 pages of exhibits, Plaintiff does not provide the Court with any documentation related to her alleged financial hardship. *See Blackburn v. Webb*, No. CIV-23-379-R, 2024 WL 4607718, at *4 (W.D. Okla. Oct. 29, 2024) ("The imposition of fees [under Rule 37(b)(2)] is mandatory upon the Court unless it would be unjust to do so. Similar to the analysis above, the fact that Plaintiffs are *pro se* paupers does not preclude them from being sanctioned with fees.").

Next, Plaintiff argues that she was unable to answer the third set of interrogatories in writing due to her being out of state taking care of her daughter who was in a coma from October 2024 until her death in April 2025. In his reply, Defendant provides:

> Although Plaintiff now claims that her comatose daughter prevented her from complying with the Court's Order regarding discovery in this case, this is the first instance in which undersigned counsel is aware where Plaintiff claims she was unable to comply with discovery due to a comatose daughter. Multiple filings were made by the Plaintiff during the time this event was said to occur, and none of them mention this fact. Indeed, when Plaintiff was deposed regarding these issues and extensively questioned as to the reasons for her failure to respond to the Defendant's discovery requests or allow inspection of documents, Plaintiff's response as to the inspection of documents was 'Of course I don't want to.' Following that admission, Plaintiff gave numerous unrelated explanations for her failure to provide documents and allow inspection of original statements, claiming she was out of town, she forgot, she was trying to get an attorney, she was sick, and/or her husband was sick. Critically, in none of her explanations does Plaintiff include caring for a comatose daughter or her family. Nor was this listed as a reason for her need to seek extensions for discovery responses, inspection of documents, or the rescheduling of her deposition, all topics upon which the Plaintiff and Defendant emailed extensively. This situation similarly did not keep Plaintiff from sending the Defendant discovery requests or from filing a Motion to Compel. In short, it is simply not a credible justification for failing to comply with the Court's Order regarding discovery.

[Doc. No. 105, at 3].

Upon reviewing the discovery materials, e-mails between Plaintiff and defense counsel, e-mails between Plaintiff's counsel and defense counsel, and the case record, the Court finds no record of Plaintiff mentioning her daughter when asking for extensions, filing her own motion to compel, or during her deposition.[4] Although the Court is hopeful

---

[4] Even in Plaintiff's Response to Defendant's Motion for Sanctions [Doc. No. 89], which was filed with the assistance of counsel, Plaintiff's response merely provides that "from January 2025 to February 2025, Plaintiff was dealing with out-of-state travels, a severely ill Husband, and was searching for an attorney," and that the third set of discovery requests from Defendant "may have been inadvertently overlooked." *Id.* at 9.

that Plaintiff would not mislead the Court about her daughter's coma or death, the Court finds that Plaintiff has not shown a substantial justification for failing to participate in discovery, especially considering that Plaintiff's contemporaneous excuses were limited to circumstances such as Plaintiff being sick, out of town, forgetting, and trying to hire an attorney.[5]

Next, Plaintiff asserts that she invited defense counsel to review the signed witness statements on February 28, 2025, April 24, 2025, May 5, 2025, and May 23, 2025. Even if true, all of these offers came after Plaintiff had failed to appear at the documents inspection with the signed statements, and three of these offers came after Defendant had already moved to dismiss this action as a sanction.

Aside from these arguments, Plaintiff appears to triple down on her underlying claims and continues to stand by the witness statements that the Court previously found were either fabricated or forged. Plaintiff argues that she has "demonstrated that her documents are authentic and credible, and she apparently had no control over employees changing their sto[ry] for motivational purposes, such as promises of promotions within the U.S. Post Office." [Doc. No. 99, at 5]. Nothing in Plaintiff's response causes the Court to reconsider its previous finding that Plaintiff's witness statements were either not drafted by, shown to, and/or executed by the witness tied to the statement. Further, at least three

---

[5] And, in the Court's Order granting Defendant's Motion for Sanctions [Doc. No. 93], the Court found "Plaintiff's various excuses for not attending the February 4 inspection—that she was afraid Defendant would take the documents, that she was sick, that her husband was sick, and that she forgot—[were] not credible." *Id.* at 14.

witnesses declared that they either had no knowledge of the facts contained in their witness statement [Doc. No. 93, at 5-6], with another witness declaring that he "was not even aware of the names Quang Nguyen and Rosalinn Giang before seeing [his purported] statement." *Id.* at 4. Plaintiff's continued insistence that her witnesses all signed the witness statements for Plaintiff, then conspired to change their stories for various reasons, does not persuade the Court that a monetary sanction under FED. R. CIV. P. 37(b)(2)(C) would be unjust.[6]

For these reasons, the Court finds that an award of expenses under Rule 37(b)(2)(C) is appropriate.

### III.    Amount of Fees

Having concluded that attorney's fees are appropriate under Rule 37(b), the Court must decide the reasonable amount of fees to award Defendant. "A court will generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). "Counsel for the party claiming

---

[6] As Defendant points out, Plaintiff's response also includes statements that are demonstrably untrue. Plaintiff claims that she informed defense counsel that she was traveling and would not be back to Oklahoma City until "after February 2025." However, the e-mails attached to Plaintiff's response reflect that Plaintiff told defense counsel that she would not be back until "after January 2025," which defense counsel maintains is the reason why the documents inspection was rescheduled for February 4, 2025 [Doc. No. 99-7, at 3]. In fact, in Plaintiff's December 30, 2024 email, she notes that she will be "in town by February 3, 2025" and asks that defense counsel "[p]lease reschedule the appointment to produce for inspection original signed witness statements after February 3, 2025." [Doc. No. 99-7, at 2]. In another portion of her response, Plaintiff implies that Defendant also committed discovery violations by failing to respond to Plaintiff's Motion to Compel [Doc. No. 79]. However, the Court denied Plaintiff's motion to compel prior to Defendant's response deadline for Plaintiff's failure to confer in good faith as required by LCvR37.1 [Doc. No. 82].

the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal … all hours for which compensation is requested and how those hours were allocated to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty. Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). A district court may "reduce the reasonable hours awarded if 'the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (citation omitted).

First, the Court finds that defense counsel Sarah A. McMurray's hourly rate of $215 is reasonable. In making this determination, the Court notes Ms. McMurray's 12 years of experience in litigation, "to include extensive experience defending employment discrimination cases." [Doc. No. 97, at 4]. The hourly rate of $215 is also within the range of reasonable rates charged by attorneys in the Oklahoma City metropolitan area, with which the Court is familiar.

Next, the Court must assess the reasonableness of the hours billed by defense counsel. In her Certification and Declaration [Doc. No. 97-1], Ms. McMurray certifies the following hours:

- 2 hours drafting discovery requests and deficiency letters regarding the limited issue of Plaintiff's fabricated statements

- 12 hours preparing for and taking Plaintiff's deposition

- 2 hours appearing at Koquise Edwards' deposition

- 9 hours reviewing and compiling relevant materials for, drafting, and revising the Motion for Sanctions [Doc. No. 86] and Reply [Doc. No. 92]

9

- 1 hour drafting the Motion for Attorney's Fees [Doc. No. 97] and Declaration [Doc. No. 97-1]

[Doc. No. 97-1, at 2-3]. For these 26 hours spent, defense counsel seeks $5,590 in fees (26 x $215).

Pursuant to Rule 37(b)(2)(C), the fees requested by defense counsel must be "caused by the failure" necessitating the sanction(s) issued under Rule 37(b)(2)(A). To that end, defense counsel has not sufficiently explained how taking the deposition of Plaintiff and a key witness were caused by Plaintiff's failures to cooperate with discovery. The same is true for defense counsel's time spent "drafting discovery requests," which is block-billed with defense counsel's time spent drafting deficiency letters. As there is not a sufficient explanation in Defendant's motion or declaration that this time was billed in connection with Plaintiff's failures to cooperate with discovery, this time will not be considered.[7]

However, the Court will consider defense counsel's nine hours of time billed for reviewing and compiling relevant materials for, drafting, and revising the Motion for Sanctions [Doc. No. 86] and Reply [Doc. No. 92], as well as the one hour spent drafting the present Motion for Attorney's Fees [Doc. No. 97] and Declaration [Doc. No. 97-1]. By their nature, these actions were necessitated by Plaintiff's failure to cooperate in the discovery ordered by the Court, and these are proper fee items under Rule 37(b)(2)(C). *See*

---

[7] And, because the Court has already imposed the harsh sanction of dismissal with prejudice, the Court declines to award this portion of the requested attorney's fees under the Court's "inherent power to assess attorney's fees … for actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (citation omitted).

*Case*, 157 F.3d at 1254 ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.") (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

Finally, the Court notes that Defendant did not provide contemporaneous billing records for the Court's review, and Defendant's Declaration [Doc. No. 97-1] contains "block-billing" descriptions of defense counsel's time spent on the motion for sanctions and motion for attorney's fees. Based on the length and detail of the Motion for Sanctions [Doc. No. 86]—and because defense counsel had to parse through a lengthy response brief in preparing the Reply [Doc. No. 92]—the Court has no reason to find this billed time unreasonable. However, because billing records are expected to be "meticulous," the Court will apply a 25% reduction to account for the issue of block-billing. *See Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1265 (N.D. Okla. 2004) ("Instead, the undersigned will adopt the tack taken by courts that have used a general reduction to compensate for hours not properly recorded.") (citing cases); *Davis v. Dura-Line Corp.*, No. CIV-22-224-RAW-GLJ, 2023 WL 6129489, at *3 (E.D. Okla. Sept. 19, 2023) ("The Court therefore finds a reduction is appropriate due to the block billing submitted by Defendant's counsel in this case."); *Payne v. Tri-State Careflight, LLC*, 278 F. Supp. 3d 1276, 1299 (D.N.M. 2017) ("Block billing does not call for disallowing the entire sum, although the Court may reduce the overall amount."). Accordingly, the Court will further reduce Defendant's attorney's fee award by 25% to account for the block billing provided by defense counsel.

11

The permitted 10 hours of time billed at $215/hour ($2,150), further reduced by 25% as provided herein, amounts to an attorney's fee award of $1,612.50.

## CONCLUSION

For these reasons, Defendant's Motion for Attorney's Fees with Brief in Support [Doc. No. 97] is **GRANTED in part** as set forth herein. **IT IS THEREFORE ORDERED** that Plaintiff must pay to Defendant attorney's fees in the amount of $1,612.50 within 45 days of this Order.

**IT IS SO ORDERED** this 18th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE