**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROSALINN M. GIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-112-D |
| | ) | |
| DAVID STEINER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Plaintiff's Motion to Reduce or Waive Taxation of Costs Due to Financial Hardship [Doc. No. 109]. Plaintiff also filed a Motion to Correct Clerical Error [Doc. No. 110]. Defendant filed a Response in Opposition to Plaintiff's Motion to Reduce or Waive Taxation of Costs and Plaintiff's Motion to Correct Clerical Error [Doc. No. 111].

For the reasons stated in a prior Order [Doc. No. 93], the Court previously dismissed this action with prejudice for Plaintiff's litigation misconduct and failure to comply with the Court's orders. Specifically, the Court found that Plaintiff had filed numerous fabricated witness statements with the Court and had failed to comply with discovery into the fabricated witness statements. *Id.*

Following dismissal, Defendant filed a Motion for Attorney's Fees [Doc. No. 97], pursuant to Rule 37(b)(2)(C), seeking $5,590.00 in attorney's fees. The Court ordered Plaintiff to pay a decreased attorney's fee amount of $1,612.50. [Doc. No. 107].

On July 16, 2026, the Clerk of Court assessed costs against Plaintiff of $3,586.70. [Doc. No. 108]. On August 6, 2026, Plaintiff filed the present Motion to Reduce or Waive Taxation of Costs Due to Financial Hardship [Doc. No. 109].

Pursuant to FED. R. CIV. P. 54(d)(1), the Clerk of Court "may tax costs on 14 days' notice." Further, "[o]n motion *served within the next 7 days*, the court may review the clerk's action." *Id.* Failure to move for the Court's review of taxed costs waives further review. *See Bloomer v. United Parcel Service, Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003) ("We dismiss because by failing to request the district court to review the clerk's award, Plaintiff has waived the right to judicial review."); *see also Vreeland v. Schwartz*, 2021 WL 2946465, at *9 (10th Cir. July 14, 2021) (unpublished) ("[Pro se plaintiff] failed to follow Rule 54(d)(1)'s procedure for challenging taxation of costs, and has therefore waived appellate review of that issue.").

Here, Plaintiff filed her motion to reduce or waive costs on August 6, 2026, 21 days after the Clerk assessed costs against her. Accordingly, Plaintiff's motion is untimely. To make matters worse, Plaintiff then filed a "Motion to Correct Clerical Error" [Doc. No. 110], in which she alleges that she actually filed her motion on July 30, 2026, when she placed it in the Court Clerk's after-hours box. Especially considering Plaintiff's litigation misconduct throughout this action, the Court has no reason to believe that the Court Clerk's office held Plaintiff's filing from July 30, 2026, until August 6, 2026. Nevertheless, Plaintiff's motion to reduce costs was due 7 days after the assessed costs, not 14 days. So, even if the Court were to accept that Plaintiff placed her motion to reduce costs in the

Clerk's after-hours box on July 30, 2026, Plaintiff's motion would still be untimely by 7 days.

For these reasons, Plaintiff's Motion to Reduce or Waive Taxation of Costs Due to Financial Hardship [Doc. No. 109] is **DENIED**. Plaintiff's Motion to Correct Clerical Error [Doc. No. 110], "Motion for Leave to Approve to Submit Evidence and Explanation for Untimely Submitted a Motion to Request Reduce or Waive Taxation of Cost Due to Financial Hardship" [Doc. No. 112], and motion for ruling [Doc. No. 114] are **DENIED** as **MOOT**. Therefore, the cost award of $3,586.70 entered in favor of Defendant by the Clerk of Court remains in force and effect.

**IT IS SO ORDERED** this 13th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE